UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHMUEL STOLLMAN and ELISA STOLLMAN, et al.,    20-CV-08937 (JPC) (KNF)

                    Plaintiffs,    **DECLARATION CONCERNING**
   -against-    **ATTORNEYS' FEES**

LAKEASHA WILLIAMS, et al.,

                    Defendants.
------------------------------------------------------------------------X

      Carolyn A. Kubitschek hereby declares under penalty of perjury that the following is true and correct:

      1.     I am a partner in the firm of Lansner & Kubitschek, attorneys of record for plaintiffs in the above-entitled action, and am fully familiar with the facts of this matter.

      2.     I make this declaration in plaintiffs' request for attorneys' fees in the amount of $17,304.72 on their motion to compel discovery.

      3.     Attached as Exhibit 1 are copies of the relevant entries in our firm's time records, for work performed on the motion to compel discovery.

      4.     All timekeepers at Lansner & Kubitschek make contemporaneous records of the work that we do each day, in 6-minute segments (i.e., tenths of an hour.) We make the records by hand, on timesheets, keeping the records chronologically for all the work that we do each day. A clerk enters each time record into the computer, identifying each client by a seven-digit client identification number, which is unique to that client, followed by a period and then a two-digit number, identifying (for clients who have more than one case with the firm) to which case the record should be billed. The clerk also enters the timekeeper's number, the timekeeper's hourly billing rate, a number identifying the type of task performed, the date on which the task

was performed, the number of hours that the timekeeper spent on that task, and a description of the task.

5.   At the end of each month, the computer sorts the records by client and prints out a monthly accounting for each client. The timekeepers check all of their own entries against their hand-written daily time sheets and correct any errors.

6.   In making this motion, I reviewed all of the time records in the above-entitled case, starting with the date on which defendants first raised the issue of privilege, and ending with the date of this Court's order granting in part the motion to compel. The staff at Lansner & Kubitschek printed out all of the entries which involved work on the motion to compel discovery, and those are the entries that comprise Exhibit 1. Many of the entries on the time sheets were unrelated to the motion, and they have not been included in Exhibit 1.

7.   In total, David Lansner (timekeeper #1) spent 6.5 hours working, in whole or in part, on the motion to compel discovery.

8.   David Lansner, whose resume is attached as Exhibit 2, has been practicing law for 49 years, since 1972. He concentrates on child welfare law and civil rights law. Mr. Lansner has represented clients in the New York Family Court, the Appellate Division, the New York Court of Appeals, the United States District Courts for the Southern and Eastern District of New York, and the United States Court of Appeals for the Second Circuit. Mr. Lansner worked as co-counsel with me on the brief in *Camreta v. Greene*, 563 U.S. 692 (2011) in the United States Supreme Court.

9.   Mr. Lansner has been consulted by lawyers around the country on civil rights and child welfare matters.

10.   For twelve years, from 1988 to 2000, Mr. Lansner worked part-time as

Speaker's Counsel to the New York State Assembly Committee on Children and Families, drafting legislation in the area of child welfare, while continuing to practice law.

11. In Family Court and in administrative proceedings, Mr. Lansner regularly represents clients who pay him by the hour. He bills those clients at $700 per hour.

12. In 2015, that rate, $700.00 per hour, was found to be the "market [rate] for legal services in the Southern District of New York. . . ." *Restivo v. Nassau Cty.*, No. 06-CV-6720 (JS)(SIL), 2015 WL 7734100, at *3 (E.D.N.Y. Nov. 30, 2015), aff'd sub nom. *Restivo v. Hessemann*, 846 F.3d 547 (2d Cir. 2017).

13. Mr. Lansner has been named as a Super Lawyer every year since 2009, an honor afforded only to five percent of attorneys practicing in the United States.

14. I have been practicing law for 47 years, and my resume is attached as Exhibit 4. I concentrate on child welfare law, civil rights law, disability law, and cases under the Hague Convention on the International Abduction of Children. I have litigated cases in the New York State trial and appellate courts, including the New York Court of Appeals. I have also handled cases in the United States District Courts for the Southern, Eastern, and Northen Districts of New York and in district courts in Pennsylvania, Kentucky, and Virginia. I have briefed and argued cases in the Second, Fourth, and Ninth Circuits, and served as lead counsel in the United States Supreme Court in *Camreta v. Greene*, 563 U.S. 692 (2011).

15. I have been consulted by lawyers on civil rights, Social Security disability, and Hague Convention cases throughout the United States.

16. I have lectured on child welfare, civil rights, and international child custody law throughout the United States and in Canada, the United Kingdom, France, and Australia.

17. I have been named as a Super Lawyer every year since 2009.

18. In total, I (timekeeper #2) spent 23.2 hours working, in whole or in part, on the motion to compel discovery.

19. In Family Court and in administrative proceedings, I regularly represent clients who pay by the hour. My normal billing rate for those clients is $700 per hour.

20. Lesley Berson Mbaye, who is Of Counsel to the firm of Lansner & Kubitschek, has been practicing law since 2009, handling civil rights and special education cases in the United States District Court and the United States Court of Appeals for the Second Circuit, as an Assistant Corporation Counsel of the City of New York and subsequently in private practice. Her resume is attached as Exhibit 4.

21. In total, Ms. Mbaye (timekeeper #6) spent .5 hours working, in whole or in part, on the motion to compel discovery.

22. Ms. Mbaye bills at the rate of $350 per hours.

23. Michelle Huey (timekeeper #4) is a legal assistant at the law firm of Lansner & Kubitschek. She bills at $150 per hour.

24. In total, Ms. Huey (timekeepr #4) spent 3.1 hours working, in whole or in part, on the motion to compel discovery.

25. The total number of hours that Lansner & Kubitschek staff worked on the motion is 33.3. The total lodestar (number of hours worked multiplied by the timekeepers' hourly rates) is $21,430.00.

26. Some of the individual time entries include work performed on other discovery issues in addition to the motion to compel discovery. It is not possible to separate out the exact amount of time spent on discovery issues other than the motion to compel on any of

those time entries.  My best estimate is that 10 to 15 percent of our time records attributed to the motion to compel was actually spent on other discovery problems in the case.  Accordingly, I have reduced the bill by 15%.  The total fees that plaintiffs on this motion is thus $18,215.50.

27.     The motion to compel seeks information concerning the identities and statements of two individuals, one who made a report of suspected child abuse against plaintiffs in 2016, and one who made a report of suspected child abuse against plaintiffs in 2017.

28.     This court granted the motion to compel as to the 2017 reporter, but not the 2016 reporter.

29.     I estimate that more than 90 percent of the work performed on the motion to compel was spent on issues that are generally applicable to claims of privilege under state law, including the New York Social Services Law.  Less than 10 percent of the work was done with regard to the specific individuals who made the 2016 and 2017 reports.  Of the work that was specific to the two reporters, approximately half of the work (5 percent of the total) applied to the 2016 reporter, while the other half of the work (5 percent of the total) applied to the 2017 reporter.  Accordingly, I have deducted an additional 5 percent from the net fees sought, or $910.78, for the unsuccessful work concerning the 2016 reporter.  The net fees sought therefore total $17,304.72.

I declare under penalty of perjury that the foregoing is true and correct.  Signed on November 12, 2021.

S/ Carolyn A.Kubitschek  
Carolyn A. Kubitschek
