UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SHMUEL STOLLMAN and ELISA
STOLLMAN, individually and on behalf of
their infant children ES and LS,

                Plaintiffs,        **MEMORANDUM AND ORDER**

      -against-                20-CV-8937 (JPC)(KNF)

LAKEASHA WILLIAMS, MIRIAM
ORTIZ-DOWNES, GLENN HYMAN,
KAI HAYES, EDWARD O'CONNOR,
ANNEMARIE FUSCHETTI, KEREN
ENNETTE, CARMELA MONTANILE,
EBONY RUSSELL, TONYA
WHEELOCK, and CITY OF NEW YORK,

                Defendants.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      On November 5, 2021, the Court granted in part and denied in part Docket Entry No. 41, the plaintiffs' motion to compel disclosure of unredacted records and to permit them to ask questions at depositions which reveal the identities of, and factual allegations made by, two reporters to the State Central Register of Child Abuse and Maltreatment ("State Central Register"), concerning the plaintiffs (hereinafter "the motion"). See Docket Entry No. 71. The Court indicated that it would "consider apportioning the reasonable expenses the plaintiffs incurred in bring[ing] the motion, after affording the parties an opportunity to be heard on the matter," and directed the plaintiffs to submit, "via affidavit or other competent evidence, the reasonable expenses they incurred with respect to making the motion and such other information as the plaintiffs believe will assist the Court in determining whether apportioning the reasonable expenses incurred is warranted." Docket Entry No. 71. The defendants were directed to submit

1

"any challenge to the reasonableness of the expenses and such other information as the defendants believe will assist the Court in determining whether apportioning the reasonable expenses incurred by the plaintiffs is warranted." Docket Entry No. 71. Before the Court is the plaintiffs' fee application and the defendants' challenge to the reasonableness of the requested fees.

## PLAINTIFFS' CONTENTIONS

The plaintiffs submitted the declaration of their counsel, Carolyn A. Kubitschek ("Kubitschek"). See Docket Entry No. 72. The plaintiffs seek an award of $17,304.72. The plaintiffs assert that the total number of hours expended on the motion multiplied by the hourly rates for legal services the plaintiffs' attorneys and their staff members charge (discussed below) results in fees of $21,430.00. However, the plaintiffs have reduced this amount by 15 percent to remove any time captured in the relevant law firm recorded time entries that may have been spent on matters unrelated the motion. The plaintiffs contend that the motion sought "information concerning the identities and statements of two individuals, one who made a report of suspected child abuse against the plaintiffs in 2016, and one who made a report of suspected child abuse against the plaintiffs in 2017," and the Court "granted the motion to compel as to the 2017 reporter, but not the 2016 reporter." Kubitschek

> estimate[s] that more than 90 percent of the work performed on the motion to compel was spent on issues that are generally applicable to claims of privilege under state law, including the New York Social Services Law. Less than 10 percent of the work was done with regard to the specific individuals who made the 2016 and 2017 reports. Of the work that was specific to the two reporters, approximately half of the work (5 percent of the total) applied to the 2016 reporter, while the other half of the work (5 percent of the total) applied to the 2017 reporter. Accordingly, [the plaintiffs have] deducted an additional 5 percent from the net fees sought, or $910.78, for the unsuccessful work concerning the 2016 reporter. The net fees sought therefore total $17,304.72.

The plaintiffs assert that the following attorneys and staff worked on the motion: Kubitschek, David Lansner ("Lansner"), Lesley Berson Mbaye ("Mbaye"), and Michelle Huey ("Huey"). Kubitschek avers that she is a partner in the law firm Lansner & Kubitschek and has been practicing law for forty-seven years, concentrating on "child welfare law, civil rights law, disability law, and cases under the Hague Convention on the International Abduction of Children." She has litigated cases at every level of the New York state court system, in United States district courts in New York and elsewhere, and before the United States Court of Appeals for the Second, Fourth, and Ninth Circuits, and served as lead counsel in the United States Supreme Court case Camreta v. Green, 563 U.S. 692 (2011). Kubitschek has lectured extensively on child welfare, civil rights, and international child custody law, and has been named a Super Lawyer every year since 2009. Lansner is a partner in the law firm Lansner & Kubitschek and has been practicing law for forty-nine years, concentrating on child welfare law and civil rights law. He has litigated cases at every level of the New York state court system and in New York Family Court, in United States district courts in New York and elsewhere, and before the United States Court of Appeals for the Second Circuit, and served as co-counsel on the brief in the Camreta case. From 1988 to 2000, Lansner worked part-time as Speaker's Counsel to the New York State Assembly Committee on Children and Families, "drafting legislation in the area of child welfare, while continuing to practice law." Lansner has been named a Super Lawyer every year since 2009. Mbaye is Of Counsel to the law firm Lansner & Kubitschek and has been practicing law since 2009. She has litigated civil rights and special education cases in United States district courts and before the United States Court of Appeals for the Second Circuit, as an assistant corporation counsel for the City of New York and in private practice. Huey is a Lansner & Kubitschek legal assistant.

Kubitschek's and Lansner's respective hourly rate for rendering legal services—to those clients who are billed hourly—is $700.  Mbaye's hourly rate for rendering legal services is $350.  Huey's services are billed at $150 per hour.  The plaintiffs attached to Kubitschek's declaration, as Exhibit 1, "copies of the relevant entries in [the law] firm's time records, for work performed on the motion to compel discovery."  Kubitschek expended 23.2 hours working on the motion; Lansner expended 6.5 hours working on the motion; Mbaye expended 0.5 hours working on the motion; and Huey expended 3.1 hours working on the motion.  With Kubitschek's declaration, the plaintiffs also submitted as Exhibit 2, Lansner's resume; as Exhibit 3, Kubitschek's resume; and as Exhibit 4, Mbaye's resume.

## DEFENDANTS' CONTENTIONS

The defendants contend that the plaintiffs' fee request should be reduced because the motion was only partially successful.  The defendants contend that the plaintiffs' primary argument—that the defendants were "required to testify about, and produce all information concerning, any [State Central Register] reporter"—was "squarely rejected" by the Court.  The defendants maintain that, in the Memorandum and Order appearing at Docket Entry No. 71, the Court agreed with the defendants that the identities of both reporters are "generally protected" by New York Social Services Law § 422.  The defendants maintain that the plaintiffs "should not be compensated for work performed in connection with their unsuccessful legal argument."  According to the defendants, although the Court found that the 2017 reporter waived the reporter's right to confidentiality based on testimony given at a deposition in this case, the plaintiffs did not make this argument until they filed their reply papers.  The Court rejected the plaintiffs' contentions that the 2017 reporter's previous testimony in New York's Family Court resulted in a waiver of confidentiality protections, and denied the motion relating to the 2016

reporter, rejecting the plaintiffs' contentions that the 2016 reporter's previous testimony in the Family Court constituted a waiver of confidentiality.

The defendants maintain that, because the plaintiffs' counsel asserts that "less than 10 percent" of the hours expended by counsel on the motion reflects work done with respect to the 2016 and 2017 reporters, it follows that less than 10 percent of the hours billed reflect time spent researching the issue of waiver and drafting associated with that issue. Because the plaintiffs succeeded only on the issue of waiver, the defendants contend that the plaintiffs' fee request should be reduced by 90 percent.

The defendants assert that the hourly rates at which Kubitschek and Lansner provide legal services, $700, are unreasonable. The defendants maintain that in Coakley v. Webb, No. 14 Civ. 8438, 2016 WL 1047079, at *6 (S.D.N.Y. Mar. 9, 2016), the Court awarded Kubitschek and Lansner an hourly rate of $575. Based on this decision, the defendants urge the Court to reduce Kubitschek's and Lansner's hourly rates to $600. According to the defendants, Huey's hourly rate should be reduced to $75, because (1) the plaintiffs have not provided any information about Huey and (2) the administrative tasks she performed—reviewing deposition transcripts and filing papers—were "simple tasks."

The defendants contend that the hours expended by plaintiffs' counsel on the motion were not reasonable, and request that, should the Court reject the defendants' request that the plaintiffs' requested fees be reduced by 90 percent, the Court exclude some of the time expended on the motion as unreasonable. The defendants maintain that the following time entries are not reasonable: (1) 0.3 hours spent drafting a letter to the Court on July 21, 2021, that mentioned only briefly the issues raised in their subsequent motion to compel; (2) 11.4 hours expended

5

drafting reply papers and conducting related research; (3) 3.8 hours[1] expended reviewing and discussing the Court's October 19, 2021 order and reviewing the deposition transcripts; and (4) 1.9 hours expended drafting a supplemental reply declaration, which, according to the defendants, the Court never requested. The defendants request that, should the Court adopt their analysis, the plaintiffs be awarded $14,702.50.

## PLAINTIFFS' REPLY

In reply, the plaintiffs contend that hourly rates of $700 for Lansner and Kubitschek are reasonable. Lansner and Kubitschek bill their clients in cases such as this at $700 per hour. Moreover, in other civil rights cases in this judicial district, courts have awarded fees for legal services billed at hourly rates of $700 and above. The plaintiffs maintain that the Court should not rely on the 2016 case cited by the defendants, as reasonable hourly rates for legal services have increased in the intervening five years. The plaintiffs assert that Huey's hourly rate of $150 is reasonable, as courts have recently found that rates between $100 and $200 are reasonable for paralegal work such as Huey performed.

The plaintiffs maintain that the hours expended on the motion are reasonable. They assert that the motion was successful, as it allowed them to use the 2017 reporter's name, which was "by far the most important report in the instant case, because it led directly to plaintiff E.S.'s loss of her father for months, and to the prosecution, ultimately dismissed, of plaintiff Shmuel Stollman in the Family Court." According to the plaintiffs, they "could have moved only regarding [the 2017 reporter's] report, the one they were successful on. Had they done so, they still would have had to perform almost the same amount of work as they did on the motion for both reports." The plaintiffs maintain that they have already reduced their fee request to account

---

[1] The time entries indicate that Kubitschek spent only 1.8 hours on these tasks, rather than 3.8 hours, as the defendants contend.

for the work attributable to the portion of the motion concerning the 2016 reporter, which portion of the motion was unsuccessful. The plaintiffs contend that a fee award should not be reduced merely because a plaintiff did not succeed on every argument raised. Further, the plaintiffs contend that the "equities" are on their side, because the defendants' broad refusal to allow questioning at depositions was unjustified and "part of a larger pattern of delay in producing discovery," and because the defendants did not invoke N.Y. Soc. Serv. L. § 422 for its intended purpose—to protect the reporters from retaliation—but rather to "hamper plaintiffs' prosecution of the instant case." With their reply, the plaintiffs submitted a declaration by Kubitschek, which contains, inter alia, information about Huey, indicating that she has worked for the Lansner & Kubitschek law firm in the roles of receptionist, bookkeeper, and legal assistant since 2001, and performs paralegal tasks including "conducting fact investigations, interviewing clients and witnesses, and analyzing documents produced by our adversaries," including the voluminous quantity of documents provided by the defendants in the instant case, which is "factually complex." Attached to Kubitschek's declaration is Exhibit 5, "a sample of retainer agreements, signed by some of the clients who pay [Lansner & Kubitschek] by the hour, showing that [Lansner & Kubitschek has] billed at $700 per hour since at least 2019."

## LEGAL STANDARD

> If [a motion to compel under Federal Rule of Civil Procedure 37(a)] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> **(iii)** other circumstances make an award of expenses unjust. . . .

> If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.
>
> Fed. R. Civ. P. 37(a)(5)(A) & 37(a)(5)(C).

Federal Rule of Civil Procedure 37(a)(5)(C) incorporates the substantive standards of Federal Rule of Civil Procedure 37(a)(5)(A); therefore, a court determining whether to apportion the reasonable expenses incurred for a motion to compel, including attorney's fees, under Federal Rule of Civil Procedure 37(a)(5)(C), must consider the factors set out under Federal Rule of Civil Procedure 37(a)(5)(A)(i)-(iii).  See S.E.C. v. Yorkville Advisors, LLC, No. 12 Civ. 7728, 2015 WL 855796, at *6 (S.D.N.Y. Feb. 27, 2015).

When exercising their discretion to determine the reasonableness of the attorney's fees sought in an action based on a federal question, courts in this Circuit use the "presumptively reasonable fee" standard.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  In calculating the presumptively reasonable fee, a district court must consider, among others, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  See Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 190.  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> Id. at 186-87 n.3.

A reasonable hourly rate is "the rate prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation" to that of the fee applicant's counsel. Farbotko v. Clinton Cty. of N.Y., 433 F.3d 204, 208 (2d Cir. 2005) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 1547 n.11 (1984)). A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).

## APPLICATION OF LEGAL STANDARD

**Whether Requested Hourly Rates Are Reasonable**

The defendants challenge Kubitschek's rate of $700 per hour and Lansner's rate of $700 per hour as unreasonable.

A reasonable hourly rate is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 184. The defendants rely on Coakley v. Webb, 2016 WL 1047079, at *6, in which the court found that hourly rates of $575 were reasonable for Lansner and Kubitschek. However, the Court appreciates that reasonable hourly rates for legal services in this judicial district have increased in the five years since that case was decided. The plaintiffs make citation to case law in which experienced civil rights litigators have been awarded hourly rates of $700 and above, including Williams v. Metro-N. R.R. Co., No. 1:17-CV-03847, 2018 WL 3370678, at *8 (S.D.N.Y. June 28, 2018), report and recommendation adopted, No. 17 CIV. 3847, 2018 WL 3368713 (S.D.N.Y. July 10, 2018) (awarding $800 per hour to partner with nearly fifty years of experience and partner with thirty years of experience in an employment discrimination case) and Restivo v. Nassau Cty., No. 06-

CV-6720, 2015 WL 7734100, at *3 (E.D.N.Y. Nov. 30, 2015) (awarding Southern District of New York rates of $700 per hour to counsel with forty years of experience in wrongful conviction case). Lansner and Kubitschek have forty-seven and forty-five years of experience, respectively, and are subject-matter experts in civil rights litigation involving child welfare issues. The plaintiffs have submitted copies of retainer agreements with clients who pay Lansner and Kubitschek on an hourly basis, indicating that Lansner's and Kubitschek's hourly rates for fee-paying clients is $700; this is evidence that $700 is a rate that a reasonable, paying client would be willing to pay. Based on the attorneys' knowledge, skills, abilities, experience, and reputation, and the relevant factors noted above, the Court finds that $700 is a reasonable hourly rate for the legal services rendered by Lansner and Kubitschek.

The defendants challenge Huey's hourly rate of $150, suggesting that the work Huey performed was "administrative" in nature rather than that typically performed by a legal assistant or paralegal. Based upon the information in Kubitschek's reply declaration and the tasks Huey indicated she completed in her time entries, the Court is satisfied that Huey worked as a paralegal on this case. Huey's hourly rate of $150 is within the range found reasonable for the work of a paralegal in this judicial district. See TufAmerica Inc. v. Diamond, No. 12-CV-3529, 2016 WL 1029553, at *6 (S.D.N.Y. Mar. 9, 2016) (finding in 2016 that "[r]ecent cases in this district suggest that the prevailing rate for paralegals is between $100 and $200 per hour"). Based on Huey's skills and experience, and the relevant factors noted above, the Court finds that $150 is a reasonable hourly rate for the services provided by Huey.

The defendants do not challenge Mbaye's hourly rate of $350. Based on Mbaye's skills and experience, and the relevant factors noted above, the Court finds that $350 is a reasonable hourly rate for the legal services rendered by Mbaye.

**Whether Requested Hours Are Reasonable**

The plaintiffs' counsel and their paralegal expended 33.3 hours working on the motion: 23.2 hours by Kubitscheck, 6.5 hours by Lansner, 0.5 hours by Mbaye, and 3.1 hours by Huey.

The defendants challenge the time spent on the following tasks as unreasonable: (1) 0.3 hours expended by Lansner drafting a letter to the Court on July 1, 2021, that mentioned only briefly the issues raised in the plaintiffs' subsequent motion to compel;  (2) 11.4 hours expended drafting reply papers and conducting related research (including 2.4 hours by Lansner, 7.6 hours by Kubitschek, and 0.4 hours by Mbaye); (3) 1.8 hours expended by Kubitschek reviewing and discussing the Court's October 19, 2021 order and reviewing the deposition transcripts; and (4) 1.9 hours expended by Kubitschek drafting a supplemental reply declaration, which, according to the defendants, the Court never requested.

The Court notes that the plaintiffs have accounted for time captured in their counsel's time records that may have been spent on other discovery matters unrelated to the motion by reducing the fees requested to be awarded by 15 percent.  The Court will adopt the 15 percent reduction suggested by the plaintiffs, and therefore, will not omit the time expended on the July 1, 2021 letter or reduce the hours expended on the reply papers.  However, the Court will exclude the 1.8 hours Kubitschek spent on the "review of MJ orders [and] discussion with co-counsel re: compliance, investigation testimony" on October 19, 2021, and the 1.9 hours she spent on October 21, 2021, preparing the "corrected and supplemental reply declaration" appearing at Docket Entry No. 69. The Court notes that, although it ordered the plaintiffs to file only the relevant deposition transcripts and indicate to the Court the page numbers containing the testimony needed to analyze the motion, the eleven-page declaration did more than that.  In the declaration, Lansner indicates that important information in his earlier declaration was incorrect,

and that the inclusion of incorrect information in that earlier declaration occurred because he "misremembered" the relevant deposition testimony and "it did not occur to [him] to read the [deposition] transcript to check [his memory]" before filing a declaration with the court, under penalty of perjury, attesting that all statements in the document are true. The Court agrees with the defendants that the time expended by the plaintiffs' counsel on the supplemental reply declaration was unreasonable given that the task set by the Court, to file the deposition transcripts and indicate the page numbers where relevant testimony would be found, was straightforward. Time expended by counsel correcting the prior declaration is not compensable time reasonably spent on the motion. Therefore, the Court will exclude the 1.9 hours expended on October 19, 2021, and 1.8 hours expended on October 21, 2021, by Kubitschek on the "corrected and supplemental reply declaration."[2]

The hours reasonably expended on the motion are set forth in the following chart, along with the reasonable hourly rates and total fees attributable to the motion for each attorney and paralegal:

| Timekeeper | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Lansner | $700 | 6.5 | $4,550 |
| Kubitschek | $700 | 19.5 | $13,650 |
| Mbaye | $350 | 0.5 | $175 |
| Huey | $150 | 3.1 | $465 |
|  |  | Total: | $18,840 |

---

[2] The Court does not exclude the two hours Huey spent reviewing the deposition transcripts and preparing the supplemental reply declaration on October 19, 2021, as this time was reasonably spent to complete the task set by the Court.

As noted above, the Court will adopt the plaintiffs' proposal to reduce the fee amount by 15 percent, to ensure that any time expended on matters unrelated to the motion is not captured and compensated. Reducing $18,840 by 15 percent yields $16,014.

**Whether Expenses Should be Apportioned**

In determining whether to apportion the reasonable expenses incurred making the motion under Federal Rule of Civil Procedure 37(a)(5)(C), the Court must consider the three factors set out in Federal Rule of Civil Procedure 37(a)(5)(A)(i)-(iii), namely, whether the plaintiffs filed the motion before attempting in good faith to obtain the disclosure without court action; whether the defendant's nondisclosure was substantially justified, and whether other circumstances would make an award of expenses unjust. Neither the plaintiffs nor the defendants have addressed these three factors. The July 1, 2021 joint letter appearing at Docket Entry No. 37 indicates that the "parties have a disagreement as to redactions of the name and other information of the individual who made the report to the New York State Central Register of Child Abuse and Maltreatment about plaintiffs. If the parties are unable to resolve the disagreement, Plaintiffs will submit a letter to this Court." The Court is satisfied that the plaintiffs attempted in good faith to obtain the relevant disclosures without Court action. Although the Court invited the defendants to submit to it "such information as the defendants believe will assist the Court in determining whether apportioning the reasonable expenses incurred by the plaintiffs is warranted," the defendants did not contend that apportioning the reasonable expenses incurred by the plaintiffs in making the motion is not warranted because their response was substantially justified, or for any other reason. In the absence of information from the defendants showing that their determination

13

to withhold certain information from disclosure was substantially justified, the Court concludes that the record before it militates against a finding of substantial justification. Furthermore, no other circumstances make an award of expenses in the instant case unjust. Therefore, the Court will apportion between the parties the reasonable expenses incurred by the plaintiffs in making the motion.

The motion was granted as it related to the 2017 reporter and denied with respect to the 2016 reporter. The plaintiffs assert that only 5 percent of the work done on the motion pertained solely to the 2016 reporter. Hence, the plaintiffs seek an award of 95 percent of their counsel's fees. The defendants assert that the plaintiffs should not be awarded fees for time spent on unsuccessful legal arguments. The defendants contend that the Court rejected the plaintiffs' primary legal argument, and the plaintiffs were only successful based on their waiver argument concerning testimony given by the 2017 reporter during the 2017 reporter's deposition, a matter which was not raised until the plaintiffs' reply papers were filed. Hence, the defendants request that the plaintiffs be awarded 10 percent of their requested counsel's fees.

The Court will adopt the plaintiffs' proposal to reduce the requested fees by 5 percent, to exclude time spent on issues pertaining solely to the 2016 reporter. Although the plaintiffs did not raise the issue of waiver with respect to deposition testimony until the reply papers were filed, the deposition at which the relevant testimony was given did not take place until after the motion was filed; thus, the plaintiffs could not have brought this information to the Court's attention at the time the motion was filed, and the Court will not reduce the requested fees on this basis. However, the Court agrees with the defendants that the primary legal argument advanced by the plaintiffs was rejected by the Court. The plaintiffs' memorandum of law in support of their motion, appearing at Docket Entry No. 43, mentions only very briefly, in two sentences, the

issue of waiver of confidentiality occasioned by the reporters' testimony in Family Court; waiver is the only issue on which the plaintiffs were successful.  The majority of the plaintiffs' memorandum of law contends that the confidentiality protections of N.Y. Soc. Serv. L. § 422 do not apply at all in federal court, despite the case law in this judicial district and others in this circuit holding that N.Y. Soc. Serv. L. § 422 can apply to protect information from discovery, subject to a court's finding that a "substantial threshold showing" has been made that specific harms will result from disclosure and the court's consideration of the relevant factors favoring and disfavoring confidentiality. See, e. g., DeLeon v. Putnam Valley Board of Educ., 228 F.R.D. 213, 217 (S.D.N.Y. 2005).  The Court agrees with the defendants that the plaintiffs should not be compensated for time spent advancing their unsuccessful and meritless legal argument, advanced with respect to both the 2016 and the 2017 reporters, that the confidentiality protections of N.Y. Soc. Serv. L. § 422 have no application at all in federal court litigation. Accordingly, a 20 percent reduction is warranted, in addition to the 5 percent proposed by the plaintiffs.  Reducing $16,014 by 25 percent yields a fee award of $12,010.50.

## CONCLUSION

For the reasons set forth above, the expenses incurred by the plaintiffs on the motion shall be apportioned as described above, and the plaintiffs are awarded $12,010.50, their reasonable attorneys' fees.

Dated: New York, New York
      December 10, 2021

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

16