UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :

SHMUEL STOLLMAN and ELISA STOLLMAN,   :

                      Plaintiffs,            :

                                       :          20 Civ. 8937 (JPC)
          -v-                   :
                                       :      MEMORANDUM OPINION
LAKEASHA WILLIAMS, *et al.*,                :           AND ORDER

                     Defendants.       :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      This case concerns New York City school officials' difficult decision to report the suspected maltreatment of then fourteen-year-old E.S., a mostly nonverbal child with autism and other disabilities, the ensuing investigation and family court proceedings initiated by the New York City Administration for Children's Services ("ACS"), and the toll that these circumstances took on the child and her family.  On October 26, 2020, Shmuel Stollman and his wife, Elisa Stollman, (together, "Plaintiffs"), individually and on behalf of their daughter, E.S., and son, L.S., commenced the instant action, alleging civil rights violations under the United States Constitution and New York law by the City of New York, a group of New York City Department of Education employees (the "DOE Defendants"), and a group of ACS employees (the "ACS Defendants"). Dkt. 1.[1]  After the close of discovery, the parties cross-moved for summary judgment.  Dkts. 125, 128-130, 132-133, 135-136.

---

[1] The DOE Defendants include Edward O'Connor (school psychologist), Annemarie Fuschetti (school psychologist), Keren Ennette (teacher), Carmela Montanile (assistant principal), Ebony Russell (principal), and Tonya Wheelock (one-on-one classroom paraprofessional). The ACS Defendants include Lakeasha Williams, Miriam Ortiz-Downes, Glenn Hyman, and Kai Hayes.

In considering these motions in its September 27, 2023 Opinion and Order, the Court observed that Plaintiffs' Complaint was far from a model of clarity. *See Stollman v. Williams*, No. 20 Civ. 8937 (JPC), 2023 WL 6294156, at *8 (S.D.N.Y. Sept. 27, 2023) ("Despite being drafted by counsel, Plaintiffs' eight-count Complaint fails to label their counts or cite any statutory or constitutional provisions underlying each count, making it difficult to discern what causes of action they are pursuing."). Construing Plaintiffs' submissions liberally, the Court presumed that Plaintiffs sought to bring the following federal law claims, all under 42 U.S.C. § 1983: (1) a First Amendment retaliation claim against the DOE Defendants premised on their report to ACS of the suspected maltreatment of E.S., which followed closely on the heels of Ms. Stollman's complaints to the school's administration regarding their care of E.S., *id.* at *9-11 (construction and analysis of claim); (2) a Fourth Amendment unlawful search claim against the ACS Defendants related to the examination of E.S.'s person during ACS's investigatory home visit, *id.* at *9 (construction of claim), *11-13 (analysis of claim); (3) procedural and substantive due process claims against the ACS Defendants for their decision to have Mr. Stollman separated from his family over the course of a weekend, *id.* at *9 (construction of claims), *13-16 (analyses of claims); (4) malicious prosecution claims against both the DOE Defendants and the ACS Defendants predicated on ACS's decision to bring an Abuse Case Petition under Article 10 of the New York Family Court Act, *id.* at *9 (construction of claim), *16-17 (analysis of claim); (5) a claim for violations of the right to a fair trial against both the DOE and the ACS Defendants premised on allegations that ACS fabricated evidence and made false accusation to prosecute Mr. Stollman, *id.* at *9 (construction of claim), *17 (analysis of claim); and (6) various municipal liability claims against the City, *id.* at *9 (construction of claims), *18 (disposal of claims in the absence of individual liability). On every claim the Court concluded that Defendants were entitled to summary

judgment. *See id.* at *9-18. Then, having declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, the Court ordered the Clerk of Court to close the case. *Id.* at *18-19. Judgment was entered in favor of Defendants later in the day on September 27, 2023. Dkt. 158.

On October 25, 2023, Plaintiffs timely filed a motion to alter or amend the Court's judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. 162 ("Motion"); *see* Fed. R. Civ. P. 59(e).[2] Defendants opposed the motion on November 8, 2023, Dkt. 164, and Plaintiffs replied a week thereafter, Dkt. 165.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) covers a broad range of motions, including motions for reconsideration . . . ." *Assoc. for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995). Thus, the legal standards governing motions for reconsideration under Local Rule 6.3 and motions under Rule 59(e) are the same. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012). Under either banner, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted).

"To succeed on a motion for reconsideration, the movant carries a heavy burden." *D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd.*, 437 F. Supp. 3d 312, 314 (S.D.N.Y. 2019). "The major grounds justifying reconsideration are an intervening change of controlling

---

[2] On October 26, 2023, Plaintiffs appealed from this Court's judgment. Dkt. 163 (notice of appeal). The filing of the notice of appeal does not divest this Court of jurisdiction to consider Plaintiffs' Rule 59(e) motion. *See Straw v. Dentons US LLP*, No. 20 Civ. 3312 (JGK), 2020 WL 3962067, at *2 (S.D.N.Y. July 11, 2020) (explaining that "if a party files a timely motion to alter or amend judgment under Federal Rule of Civil Procedure 59 . . . and files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become effective until the order disposing of that motion is entered").

3

law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).  To that end, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Significantly, a motion for reconsideration "is not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012).  Rule 59 also "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

Plaintiffs raise a litany of sprawling objections, with a number of them appearing by way of a bullet-pointed list unaccompanied by any discernable effort at developed argumentation.  *See, e.g.*, Motion at 5-6 (listing facts and inferences that Plaintiffs argue this Court decided and drew improperly in connection with Plaintiffs' retaliation claim), 17-18 (listing purportedly disputed material facts related to Plaintiffs' due process claims).  Some objections represent Plaintiffs' dissatisfaction with the Court's purported construction of facts, on which the Court did not rely in reaching its legal determinations.  *See, e.g.*, *id.* at 5 (urging that "contrary to this Court's legally prohibited finding of fact, a jury could find that Wheelock did not bring E.S.'s iPad to Fuschetti's

4

office on October 27" (citations omitted)), 16 (arguing that the Court erred in finding that Mr. Stollman agreed to leave the residence). Others merely express disagreement with the Court's legal conclusions while charging the Court with usurping the jury's role of making credibility determinations and assessments on reasonableness. *See, e.g.*, *id.* at 3 (arguing that the Court erroneously credited Fushcetti's statements that she was made aware of concerns about E.S.'s hygiene and asserting that a "jury could discredit them"), 6 (arguing that the Court erroneously determined that the DOE Defendants had a sufficient basis for their report because that was a "highly disputed question . . . for the jury"). Nearly all, in sum and substance, replicate the arguments raised and considered at the summary judgment stage. And none meet Rule 59(e)'s exacting standards.

Take, for instance, Plaintiffs' challenges to the Court's determination on their First Amendment retaliation claim. Just as they did at summary judgment, Plaintiffs once again insist that Fuschetti's lack of personal knowledge of E.S.'s hygiene—paired with other Defendants' testimony that they did not themselves observe hygiene problems with E.S.—somehow renders the statements made in the DOE's report of suspected maltreatment "knowingly or recklessly false." *Compare* Motion at 2-4, *with Stollman*, 2023 WL 6294156, at *11 (considering these same arguments and explaining that "if the hygiene-related statements in the SCR Report were ultimately false . . . , such inaccuracies cannot give rise to an inference of retaliatory intent because Plaintiffs have pointed to no evidence in the record to suggest that the DOE Defendants knew, or had any reason even to suspect, that the information was untrue").

Plaintiffs further charge the Court with "overlook[ing] the jury's right to determine that [the DOE Defendants] knew or had ample reason to know that their complaints about hygiene were untrue." Motion at 2. And they urge that a jury could reasonably have found that the school

5

officials' report on E.S.'s poor hygiene was made solely "to divert attention from their own failure to keep E.S. clean and to punish [Plaintiffs] for complaining about that failure." *Id.* at 3-4. But these arguments are no different than the arguments Plaintiffs already advanced on summary judgment, which the Court duly considered and rejected. Plaintiffs' disagreement with the Court's legal conclusions does not merit the extraordinary remedy they seek.

Plaintiffs also resurrect their arguments that the DOE Defendants "knew" that E.S. did not use her iPad with communicative intent, could not reasonably have suspected any maltreatment based on E.S.'s selection of words such as "man finger butt," and intentionally omitted a group of words E.S. also had selected. Motion at 4-8*; see also Stollman*, 2023 WL 6294156, at *11 (discussing Plaintiffs' distortion of the record evidence related to E.S.'s iPad use, as well as the immateriality of the alleged omission, and concluding that Plaintiffs failed to adduce sufficient evidence of the DOE's retaliatory intent). On this basis, Plaintiffs contend that the Court "overlooked" that a jury could find the DOE's report about E.S.'s iPad use "false or misleading," and urge that the Court "wrongfully drew inferences about the significance of words on the iPad." Motion at 4, 8. Plaintiffs cannot bring their recycled arguments within the ambit of Rule 59(e) merely by preceding them with the words "the Court overlooked." Again, the Court considered these very challenges at the summary judgment stage and declines to revisit them now.

Plaintiffs' repetition is even more pronounced with respect to their Fourth Amendment unconstitutional search claim. Once again, Plaintiffs urge that Ortiz's "show of authority" (that is, her assertion that she "had to see [E.S.'s] whole body" and "ha[d] to check for marks and bruises") amounted to coercion as a matter of law. Motion at 9-11. The Court has already determined that it did not. *Stollman*, 2023 WL 6294156, at *11-13. Then, while contending that the Court erred in declining to find as a matter of law that the search was involuntary, Plaintiffs simultaneously

6

argue that "[i]t is up to the jury, not this Court, to determine which evidence to credit and which inferences to draw in deciding whether the Stollmans' acquiescence constituted voluntary consent." Motion at 11-12. But even under the latter construction, Plaintiffs merely seek to relitigate their position on the degree to which Ortiz's position and instructions gave rise to a coercive atmosphere. *Id.* Reconsideration is not warranted on this basis.

The story does not change with respect to Plaintiffs' final group of objections, which concern the Court's determinations on Plaintiffs' due process, malicious prosecution, and fair trial claims. *Id.* at 14-23. On the due process claims, Plaintiffs principally urge that ACS lacked a reasonable suspicion of immediate harm which warranted separating Mr. Stollman from his family over the course of a single weekend because "[a]t most, [D]efendant Hayes speculated that there might have been 'possible grooming for sexual behavior and abuse' at some future time." *Id.* at 15-16. Yet again, the Court already considered and rejected these arguments. *Stollman*, 2023 WL 6294156, at *13-16; *see id.* at *14 n.10 (addressing specifically Plaintiffs' argument as to Hayes's concerns of grooming).

And as to Plaintiffs' malicious prosecution and right to fair trial claims, for which the Court determined that Defendants had qualified immunity, Plaintiffs do not meaningfully address the absence of clear law in this Circuit recognizing (1) a parent's Fourth Amendment right to be free from malicious prosecution in the context of civil child removal proceedings or (2) any constitutional right to be free from fabrication of evidence outside of the criminal context. *See id.* at *16-17. Instead, Plaintiffs urge that the Court "overlooked" *Southerland v. City of New York*, 680 F.3d 127 (2d Cir. 2012), and cite the portion of *Southerland* discussing a Fourth Amendment unlawful search claim. Motion at 23. Obviously, that discussion does not bear on the Court's disposal of Plaintiffs' malicious prosecution and right to fair trial claims.

Plaintiffs raise a host of challenges in addition to those discussed above. For the avoidance of any doubt, the Court has considered carefully the entirety of Plaintiffs' motion and has found no basis to alter its judgment. As illustrated throughout this writing, Plaintiffs largely seek to resurrect arguments previously raised and rejected. And to the extent they introduce new arguments and case law[3] not previously presented to the Court, such matters also are an improper basis for relief under Rule 59(e). *Liberty Media Corp.*, 861 F. Supp. 2d at 265. Through and through, Plaintiffs have failed to point out any matters overlooked by the Court that reasonably would have altered this Court's conclusions in its September 27, 2023 Opinion and Order. Nor have they pointed to any intervening controlling case law, previously unavailable evidence, or clear errors resulting in manifest injustice. Plaintiffs have not met their "heavy burden" to show that reconsideration is warranted. *D'Amico Dry D.A.C.*, 437 F. Supp. 3d at 314.

Accordingly, the Court denies Plaintiffs' motion. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 161.

SO ORDERED.

Dated: September 30, 2024
      New York, New York

                            JOHN P. CRONAN
                       United States District Judge

---

[3] Plaintiffs' other cited case law does not include any intervening changes in controlling law that might merit relief under Rule 59(e). *See Doe*, 709 F.2d at 789.